# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JINGYUAN FENG,

       Plaintiff,

vs.

SHEENA KOMENDA and ROCKWELL COLLINS, INC.,

       Defendants.

No. 15-CV-139-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.*     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*    *RELEVANT PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . *1*

*III.*   *FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.*   *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

       *A.*     *Failure to Exhaust Administrative Remedies Under ICRA* . . . . . . . . *6*
       *B.*     *The Title VII Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
       *C.*     *The Common Law Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*V.*     *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

## I. INTRODUCTION

The matter before the court is Defendant Sheena Komenda's "Motion to Dismiss" ("Motion") (docket no. 4).

## II. RELEVANT PROCEDURAL BACKGROUND

On November 12, 2015, Plaintiff Jingyuan Feng filed a pro se Petition (docket no. 2) in the Iowa District Court for Linn County. In the Petition, Feng asserts the following five claims against Komenda and Rockwell Collins, Inc. ("Rockwell") (collectively,

"Defendants"): Count I asserts that Defendants committed fraud by falsifying certain statements made in Feng's performance reviews; Count II asserts that Komenda discriminated against Feng based on her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the Iowa Civil Rights Act ("ICRA"), Iowa Code § 216.6; Count III asserts that Komenda retaliated against Feng after Feng complained that she felt she was being treated unfairly in the form of negative performance reviews; Count IV asserts that Rockwell "factually supported" Komenda's retaliation "by knowingly and intentionally using . . . false statements"; and Count V asserts that Defendants wrongfully terminated Feng. Feng requests compensatory damages.

On December 14, 2015, Komenda filed the Motion. On the same date, Rockwell filed an Answer (docket no. 5) in which it generally denies liability and sets forth affirmative defenses. On April 4, 2016, Feng filed an untimely Resistance (docket no. 11). Komenda requests oral argument on the Motion, but the court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

### III. FACTUAL BACKGROUND[1]

Viewed in the light most favorable to Feng, the facts are as follows: Feng is an Asian foreign national living in Cedar Rapids, Iowa. Rockwell employed Feng from on or about June 2008 until she was terminated on April 21, 2014. From 2008 to 2012, Feng received generally positive performance reviews from her two supervisors. Beginning in September 2012, Komenda became Feng's third supervisor. On April 30, 2013, Komenda gave Feng a performance rating of "minimally meeting expectations" and criticized Feng's

---

[1] The court draws its factual background from the Petition and "some materials that are part of the public record." *Blakely v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). This includes Equal Employment Opportunity Commission ("EEOC") charges and filings, as well as filings made with the Iowa Civil Rights Commission ("ICRC"). *See id.* ("We have previously held that an EEOC charge is a part of the public record and may be considered on a motion to dismiss.").

work performance. Feng disagreed with Komenda's evaluation and voiced her opposition to the performance rating. After a friend told Feng that she would be fired for "talk[ing] back" to Komenda, Feng sent an email to Komenda "to clarify some cases [they] discussed during the meeting, and [Feng] expressed [her] intention and action plans to follow [Komenda's] lead in the future." Petition ¶ 9.

On May 10, 2013, Komenda and a human resources representative asked Feng to sign a sixty-day "Performance Recovery Plan" ("PRP"), stating that she was not meeting performance expectations. The PRP stated that a possible outcome was termination. Feng requested the company's discipline policy, which she received. According to the discipline policy, a PRP is "mandatory" when the employee receives a work performance rating of "not meeting performance expectations." *Id.* ¶¶ 11-12. Feng states that Komenda changed her April 30, 2013 rating of "minimally meeting expectations" to "not meeting performance expectations" some time between April 30, 2013 and May 10, 2013. This alleged downgrade in performance rating occurred within ten days of Feng opposing Komenda's evaluation.

As a result, Feng requested that Komenda and Rockwell's human resources department "correct the false statement in the . . . PRP." *Id.* ¶ 14. They declined to do so. Feng refused to sign the PRP and refused to participate in the PRP discipline process. Feng subsequently contacted Rockwell's Ombudsman to complain of Komenda's actions. Feng stated that she believed they were motivated by race-based discrimination. From August 2, 2013 to September 4, 2013, Feng worked under the PRP. She maintains that Komenda "manipulated the performance statements in an obviously discriminatory and retaliatory manner." *Id.* ¶ 17. For example, Feng states that her performance during this time exceeded Komenda's "own predefined 'measurement criteria'" but that Komenda still rated Feng's performance as unsatisfactory. *Id.* On September 27, 2013, Feng complained to the Ombudsman again.

From September 10, 2013 to March 17, 2014, Feng was on a leave of absence and was not working. Upon her return to work in March 2014, she again worked under the PRP. During this period, Komenda assigned Feng tasks above her job grade. Again, Feng states that her performance exceeded Komenda's measurement criteria, but again Komenda rated her performance as "unsatisfactory" because it was not completed in a timely manner. On April 24, 2014, Rockwell terminated Feng, citing the PRP.

On May 13, 2014, Feng filed a charge of discrimination with the ICRC and the Cedar Rapids Civil Rights Commission alleging race based discrimination and retaliation under ICRA. *See* Brief in Support of the Motion (docket no. 4-1) at 17-19. The charge names "Rockwell Collins, Inc." as the discriminating party. *Id*. On May 16, 2014, Feng filed a charge of discrimination with the EEOC under Title VII alleging discrimination based on her race and national origin. *Id*. at 20-21. On April 16, 2015, the ICRC sent Feng a notice that her case was being administratively closed and that further investigation was not warranted. *Id*. at 22-33. The ICRC concluded that there was no reasonable possibility that further investigation would result in probable cause regarding Feng's discrimination or retaliation claims. *Id*. at 30, 32. The letter accompanying the notice from the ICRC stated that Feng had several "legal options" and provided instructions for requesting a right to sue letter. *Id*. at 22. On August 18, 2015, the EEOC sent Feng a notice of dismissal and apprised her of her right to sue. *Id*. at 34-35.

## IV. ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[2] The question for a court considering a Rule 12(b)(6) motion is not whether

---

[2] Komenda also attacks the court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). It appears that such an attack is based upon an argument that Feng failed to exhaust her administrative remedies. *See, e.g.*, Brief in Support of the
(continued…)

the plaintiff will ultimately prevail, but rather "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citation omitted). In order to cross the federal court's threshold, the complaint need not be "a model of the careful drafter's art," nor need it "pin plaintiff's claim for relief to a precise legal theory." *Id.* at 530. This is especially true when the plaintiff is appearing pro se, which requires the court to liberally construe the pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle*, 429 U.S. at 106). To be sufficient, a complaint must simply state a "plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner*, 562 U.S. at 530 (citing 5 Charles Alan Wright & Arthur A. Miller, Federal Practice & Procedure § 1219 (3d ed. 2004 & Supp. 2010)).

In order for the statement of the plaintiff's claim to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the

---

[2](…continued)
Motion at 7 (citing a case dismissing a Title VII action pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies). However, Rule 12(b)(1) is not the proper avenue to attack the Petition. Instead, a Rule 12(b)(6) motion appears to be proper. *See, e.g.*, *Greenwood v. Ross*, 778 F.2d 448, 450-51 (8th Cir. 1985) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1983)) (suggesting that the failure to exhaust administrative remedies is not a jurisdictional prerequisite under Title VII); *see also Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) ("[T]his court has previously determined that questions of whether a plaintiff has timely exhausted the administrative remedies in Title VII actions 'are in the nature of statutes of limitation. They do not affect the district court's subject matter jurisdiction.'" (citations omitted)). Accordingly, the court shall proceed to analyze the Motion under the Rule 12(b)(6) standard.

5

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677-78 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). It is insufficient to "plead[] facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)). Although the court must accept as true all factual allegations contained in the Complaint, the court need not accept legal conclusions disguised as facts. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### A. Failure to Exhaust Administrative Remedies Under ICRA

Komenda argues that the court should dismiss the Petition because "Feng has not been issued a 'right to sue' release from the Iowa Civil Right Commission" and, therefore, "she cannot pursue her claims under the Iowa Civil Rights Act in any court." Brief in Support of the Motion at 3. ICRA provides two avenues into court. First, a complainant may file an action in district court if he or she has "timely filed the complaint with the [ICRC] as provided" by statute and "[t]he complaint has been on file with the commission

for at least sixty days and the commission has issued a release to the complainant . . . ." Iowa Code § 216.16(2). Otherwise, if the ICRC retains the complaint, conducts an investigation and renders a final decision, the complainant may seek judicial review of that decision. *Id.* § 216.17.

Therefore, in order to establish that she has exhausted her administrative remedies, Feng must demonstrate that she has obtained a release in the form of a right to sue letter from the ICRC. *See* Iowa Admin. Code § 161-3.10(1) ("After the expiration of [sixty] days from the timely filing of a complaint with the commission, the complainant may request a letter granting the complainant the right to sue for relief in the state district court."); *see also Toppert v. N.W. Mech., Inc.*, 968 F. Supp. 2d 1001, 1006 (S.D. Iowa 2013) (stating that "before initiating a lawsuit, a plaintiff must request a right to sue letter from the ICRC"). "A right to sue letter follows from an administrative release. It signals that the administrative stage of the case is over and the plaintiff has permission to file suit in the district court." *Toppert*, 968 F. Supp. 2d at 1005 n.2; *cf. Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) ("Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter.").

Here, Feng has not obtained a right to sue letter from the ICRC. The only documentation the court has before it concerning her ICRA claims is the notice of administrative closure from the ICRC. *See* Brief in Support of the Motion at 22. Under ICRA, there is a distinction between an administrative closure and the right to sue. In fact, the Iowa Administrative Code states that one of the potential reasons that the ICRC might refuse to issue a right to sue letter is because "[t]he complaint has been administratively closed and two years have elapsed since the issuance date of the administrative closure." Iowa Admin. Code § 161-3.10(4); *see also* Iowa Code § 216.16(3)(a)(4) (stating that the ICRC will not issue a release to sue if the complaint is administratively closed for more than two years). Additionally, the letter Feng received from the ICRC contains

instructions regarding how to request a right to sue letter and commence a lawsuit. *See* Brief in Support of the Motion at 22. In the absence of a right to sue letter authorizing Feng to proceed in district court, the court cannot find that Feng has exhausted her administrative remedies regarding her state law claims under ICRA.[3] Accordingly, the court shall grant the Motion with regard to Feng's claims under ICRA and shall grant it with respect to both Komenda and Rockwell.[4]

## B. The Title VII Claims

Komenda argues that dismissal of Feng's Title VII claims against her is appropriate because Feng failed to name Komenda in her complaint to the ICRC and EEOC. *See* Brief in Support of the Motion at 6-7. Because Feng failed to do so, Komenda argues that Feng failed to exhaust administrative remedies against her and that Feng's Title VII claims should be dismissed. *Id.* Alternatively, Komenda argues that "supervisors are not individually liable under Title VII," and, therefore, Feng's Title VII claims against her should be dismissed. *Id.* at 13.

---

[3] The court notes that this does not foreclose Feng from relief on her ICRA claims. The statute states that Feng may request a right to sue letter from the ICRC before the two year limitation expires and, if she receives one, she may proceed accordingly.

[4] Though Rockwell has not moved for dismissal on these grounds, because the controlling issues regarding Feng's ICRA claims are identical for both Komenda and Rockwell, such issues have been briefed and Feng was given the opportunity to respond to them, the court finds that dismissal against all Defendants is appropriate. *See Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants." (quoting *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (alterations in original)); *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1308 (Fed. Cir. 2007); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir. 1995).

Feng argues that "Komenda is not only an employee, but . . . is also the decision maker involved in the discipline and termination" of employees under her supervision. Resistance at 7. Feng argues that it was Komenda who made the allegedly false statements precipitating the PRP and Feng's eventual termination. *Id.* Feng also argues that Komenda had adequate notice of the discrimination charges filed with the ICRC and EEOC because "'Komenda' was mentioned 253 times in the file." *Id.*

Generally, a complainant must name a party in EEOC filings prior to suit under Title VII. *See Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). Exceptions to the general rule have been recognized where there is a "substantial identity" between the named and unnamed parties, *see id.*, or, alternatively, where the unnamed party has adequate notice of the claim and an opportunity to participate in conciliation attempts. *See Winbush v. State of Iowa by Glenwood State Hosp.*, 66 F.3d 1471, 1478 n.9 (8th Cir. 1995) (finding that plaintiffs who filed EEOC complaints against a school alone could name individual school officials in their Title VII suit because there was a "sufficient identity of interest" between them (quoting *Greenwood*, 778 F.2d at 451) (internal quotation marks omitted)); *Greenwood*, 778 F.2d at 451.

Here, the court need not decide whether Komenda and Rockwell share a sufficient identity of interest or whether Komenda had adequate notice and opportunity to participate in conciliation such that Feng was not required to name Komenda in her EEOC claim. Dismissal of Feng's Title VII claims against Komenda is appropriate because Title VII "does not provide for an action against an individual supervisor . . . ." *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008) (citing *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998)); *see also Asplund v. iPCS Wireless, Inc.*, 602 F. Supp. 2d 1005, 1010 (N.D. Iowa 2008) (noting that the text of Title VII applies only to "employers" and recognizing that individual supervisors may not be held liable under

Title VII).[5] Therefore, taking all facts asserted in the Petition as true, Feng's Title VII claims against Komenda must fail as matter of law. Accordingly, the court shall grant the Motion with regard to the Title VII claims.

## C. The Common Law Claims

Komenda argues that the court should dismiss Feng's wrongful termination and fraud claims because they are preempted by ICRA. *See* Brief in Support of the Motion at 8-9, 11-12. Alternatively, Komenda argues that Feng's wrongful termination claim should be dismissed because "Feng fails to identify any clearly defined and well-recognized public policy that protected any of her activity, other than her complaints of employment discrimination and retaliation that are preempted by" ICRA. *Id.* at 10. She also argues that Count I of the Petition is deficient pursuant to Federal Rule of Civil Procedure 9, which requires allegations of fraud to be pleaded with "particularity." *Id.* at 12.

The Iowa Supreme Court has recognized that "a claimant asserting a discriminatory practice must pursue the remedy provided by" ICRA because "[i]t is clear from a reading of [Iowa Code § 216.16] that the procedure under [ICRA] is exclusive." *Northrup v. Farmland Indus., Inc.*, 372 N.W.2d 193, 197 (Iowa 1985). Therefore, courts refuse to recognize stand-alone common law claims predicated on discriminatory acts because such claims are preempted by ICRA. *Id.*; *see also Smidt v. Porter*, 695 N.W.2d 9, 17 (Iowa 2005) ("To the extent . . . ICRA provides a remedy for a particular discriminatory

---

[5] The court notes that ICRA does provide a cause of action against individual supervisors. *See, e.g.*, *Van Horn*, 526 F.3d at 1147; *Vivian v. Madison*, 601 N.W.2d 872, 878 (Iowa 1999) ("[W]e hold that a supervisory employee is subject to individual liability for unfair employment practices under . . . the Iowa Civil Rights Act."); *Asplund*, 602 F. Supp. 2d at 1010 (recognizing the distinction between Title VII actions, which do not provide relief against an individual supervisor, and actions arising under ICRA, which do provide such relief). However, because the court has found that Feng has not exhausted her administrative remedies with regard to her ICRA claims, *see* Part IV.A, *supra*, it need not address whether Komenda is liable under ICRA for the alleged discrimination.

practice, its procedure is exclusive and the claimant asserting that practice must pursue the remedy it affords."); *Mitchell v. Iowa Protection & Advocacy Servs., Inc.*, 325 F.3d 1011, 1015 (8th Cir. 2003) (recognizing that ICRA preempts common law claims based on discrimination). "Preemption occurs unless the claims are 'separate and independent, and therefore incidental, causes of action.'" *Smidt*, 695 N.W.2d at 17 (quoting *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 857 (Iowa 2001)). The court determines whether the claims are separate and independent by reference to the pleadings and must determine whether "discrimination is made an element of" the common law claim. *Channon*, 629 N.W.2d at 857 (quoting *Greenland v. Fairtron Corp.*, 500 N.W.2d 36, 38 (Iowa 1993)). In determining whether Feng's wrongful termination and fraud claims are preempted by ICRA, the court considers whether "the operative facts which she alleges give rise to her claims under . . . ICRA are the same as those upon which she relies as giving rise to her [common law] claim[s]." *Id.* at 858.

Here, it is clear that Feng's wrongful termination and fraud claims are predicated on her ICRA discrimination claims. The basis of her fraud claim is her allegation that Komenda changed her April 30, 2013 performance rating from "minimally meeting expectations" to "not meeting performance expectations" in order to support a discriminatory PRP. *See* Petition ¶ 22. She also alleges that Komenda's statement that Feng completed assignments late during the PRP period was fraudulent. *Id.* Both of these statements are implicated in her discrimination and retaliation claims under ICRA. The fraud claims require proof of the same facts as her ICRA claims. Therefore, the court finds that the fraud claims are preempted by the ICRA claims. Similarly, the basis for Feng's wrongful termination claim is the PRP, which Feng alleges "was framed up with false statement[s]." Petition ¶ 26. This is, in fact, the exact same basis for her discrimination and retaliation claims under ICRA. Therefore, the common law wrongful discharge claim is preempted by ICRA. Accordingly, the court shall grant the Motion with

regard to the common law claims of fraud and wrongful discharge and shall grant it with regard to both Komenda and Rockwell.[6] Because the court finds that dismissal is appropriate on preemption grounds, the court need not address Komenda's alternate grounds for dismissal.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Motion (docket no. 4) is **GRANTED**;

(2) All counts against Defendant Komenda are **DISMISSED**. Therefore, Komenda is **DISMISSED** from the instant action;

(3) Counts I and V in their entirety and the ICRA claims in Counts II and III against Defendant Rockwell are **DISMISSED**; and

(4) The Title VII claims in Counts II and III, and the entirety of Count IV against Rockwell remain and shall proceed to trial.

**IT IS SO ORDERED.**

**DATED** this 14th day of April, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[6] As with the court's treatment of the ICRA claims above, the court finds that dismissal of Feng's common law claims against Rockwell is appropriate as well. *See, e.g.*, *Cathey*, 977 F.2d at 449.